**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Kovacs,<br><br>          Plaintiff,<br><br>v.<br><br>Experian Information Solutions Incorporated, et al.,<br><br>          Defendants. | No. CV-22-02110-PHX-SMM<br><br>**ORDER** |

Before the Court is Defendant USAA Federal Savings Bank's ("USAA FSB") Motion to Dismiss. (Doc. 5). For the following reasons, the Court denies the Motion.

**I.    BACKGROUND**

In 2019, Plaintiff Brian Kovacs took out a loan from USAA FSB for $35,000, and Plaintiff was required to make monthly payments. (Doc. 1 at 3). Plaintiff alleges that he requested that USAA FSB change the dates his monthly loan payment was due, and that USAA agreed but did not follow through. (Id.) USAA FSB reported Plaintiff's payments as late to credit reporting agencies. (Id.)

    **A.    Prior Action**[1]

In March 2022, Plaintiff filed a complaint ("March complaint") in this District, bringing claims for violations of the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA"), alleging that USAA FSB incorrectly reported

---

[1] USAA FSB requests that the Court take judicial notice of several documents in the Prior Action. The Court does so. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment.").

Plaintiff's loan payments as late to three credit bureaus, despite Plaintiff's attempts—including a letter sent directly to USAA FSB in January 2022—to dispute the reporting. Complaint, Kovacs v. USAA Federal Savings Bank ("Prior Action"), CV-22-0350-MHB (D. Ariz. March 4, 2022), Doc. 1.

On October 13, 2022, Plaintiff filed a Motion to Amend the March complaint, seeking to add claims under 15 U.S.C. § 1681s-2(b) for failure to conduct a proper investigation into Plaintiff's dispute. (Prior Action, Doc. 29). However, the court denied the motion. (Prior Action, Doc 33). After, Plaintiff and USAA FSB submitted a Stipulation for Dismissal with Prejudice, (Prior Action, Doc. 34), and the court dismissed the case with prejudice, (Prior Action, Doc. 35).

### B. Current Action

On December 14, 2022, Plaintiff filed a Complaint, asserting the FCRA claims that Plaintiff had attempted to add in the Prior Action—claims under § 1681s-2(b). (Doc. 1). Plaintiff alleges that USAA FSB failed to conduct a proper investigation into Plaintiff's dispute with USAA FSB's reporting after Plaintiff sent an official dispute letter in May 2022. (Id. at 5-6). USAA FSB filed a Motion to Dismiss, (Doc. 5), which the Court now addresses.

## II.    LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A court may dismiss a claim either because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to support a cognizable legal claim. See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996).

When a court is deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996) (citing Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994)). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory

allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).

**III.   ANALYSIS**

USAA FSB argues that Plaintiff's Complaint must be dismissed because Plaintiff's Prior Action against it was dismissed with prejudice. USAA FSB's arguments fall under the doctrine of claim preclusion.

"Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks and citations omitted). The party asserting claim preclusion bears the burden to prove preclusion applies. Save the Bull Trout v. Williams, 51 F.4th 1101, 1107 (9th Cir. 2022). A claim is barred if it meets three elements: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (quoting W. Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997)). Plaintiff disputes only the first element.

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000) (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 918 (9th Cir. 2012) (quoting ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 968 (9th Cir. 2010)). To determine whether claims could be conveniently tried together, courts ask "whether a claim could have been brought at the time the operative complaint in the prior suit was filed." Howard v. City of Coos Bay, 871 F.3d 1032, 1040 (9th Cir. 2017). Thus, "claim preclusion does not apply to claims that accrue after the filing of the operative complaint." Id.

Plaintiff argues that the Complaint does not bring claims that were brought or that could have been brought in the Prior Action. The Court agrees. In the current Complaint, Plaintiff brings claims under § 1681s-2(b) for failure to conduct a proper investigation. This statute places duties on a furnisher—here, USAA FSB—to investigate information that it supplies to credit reporting agencies. But "[t]hese duties arise only after the furnisher receives notice of dispute from a [credit reporting agency]; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). Thus, claims under this statute do not accrue until a consumer notifies a credit reporting agency of a dispute. See, e.g., Hernandez v. Ditech Fin., LLC, 2019 U.S. Dist. LEXIS 42802, at *20, 2019 WL 856406, at *7 (C.D. Cal. Feb. 1, 2019) (for purposes of determining the statute of limitations deadline, finding that claims under subsection (b) accrued when a consumer notified credit reporting agencies), *aff'd on other grounds*, 836 F. Appx. 480 (9th Cir. 2020).

Here, Plaintiff's claims accrued during or after May 2022. Because Plaintiff's January 2022 dispute letter was sent directly to USAA FSB, it did not trigger a duty to investigate, and thus is irrelevant to determining when Plaintiff's claim accrued. Plaintiff did not send a proper dispute letter to credit reporting agencies until May 2022—after the March complaint was filed. Thus, under the Ninth Circuit's timing rule in Howard, Plaintiff's claims could not have been brought in the Prior Action, and claim preclusion does not apply. See, e.g., Howard, 871 F.3d at 1040 ("Howard's retaliation claims in this suit arose from events that occurred after she filed her complaint in Howard I, and they are not barred by claim preclusion.").

USAA FSB cites to Owens to supports its position that Plaintiff's current claims arise out of the same transactional nucleus as the claims asserted in the Prior Action. In Owens, two employees asserted state law claims against their employer, supervisors, and union after their employment was terminated. 244 F.3d at 711. When the employer filed a motion to dismiss, and the employees failed to submit a response, the court dismissed the

action with prejudice. Id. The following year, the employees received their right to sue letters from the EEOC and filed an action asserting federal claims against their employer, alleging that they were terminated from their positions due to unlawful discrimination. Id. The court dismissed the action, finding that the employees' claims were subject to claim preclusion. Id. The Ninth Circuit affirmed the district court's decision, finding that the federal claims asserted in the most recent case arose from the same transactional nucleus of facts as the state claims asserted in the prior action. Id. at 714.

But Owens is distinguishable from this case. In Owens, the factual allegations—the employees' terminations and circumstances surrounding the terminations—that led to the claims in the latest action occurred before the employees filed the complaint in the prior action. Here, the factual allegations—the failures to properly investigate—leading to the claims in the current action occurred after the Plaintiff filed a complaint in the prior action. The cases are not made similar simply because the EEOC right to sue letter in Owens and the dispute letter in this case came after the complaints were filed in the prior actions. The former is an administrative exhaustion requirement for claims where allegedly wrongful actions already occurred, and the latter is required for a § 1681s-2(b) claim to exist factually because furnishers cannot statutorily fail to investigate until a duty to investigate exists.

USAA FSB also cites to several district court and out-of-circuit cases. However, these cases are not precedential to this Court, and none of the in-circuit cases involve claims that accrued after the operative complaint in the prior action was filed.

Additionally, USAA FSB argues that Plaintiff's claims should be barred because Plaintiff attempted to amend his complaint in the prior action and add the claims asserted in the current complaint. However, that Plaintiff requested leave to amend his March complaint to add the § 1681s-2(b) claims is irrelevant. Howard's timing rule is a bright line rule, and in adopting the rule, the Ninth Circuit specifically considered the possibility of amendment and the issues courts could face if a bright line rule was not adopted. 871 F.3d at 1040 ("Absent such rule, we would be left with the more difficult question of whether the plaintiff could have amended her complaint in the midst of litigation to add claims

which accrued after filing."). Thus, the Court, following the timing rule in the bright line manner the Ninth Circuit adopted, finds that Plaintiff's claims are not barred.

IV.   **CONCLUSION**

Accordingly,

**IT IS ORDERED denying** Defendant USAA FSB's Motion to Dismiss. (Doc. 5).

Dated this 1st day of June, 2023.

Honorable Stephen M. McNamee
Senior United States District Judge